UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SEVDIJA NOVOVIC, SMAJLJE
SRDANOVIC, and GLENN ZUCKERMAN
As ADMINISTRATORS OF THE ESTATE
OF RAMA NOVOVIC and SEVDIJA
NOVOVIC, Individually,

                Plaintiffs,

   -against-

GREYHOUND LINES, INC. and MOTOR
COACH INDUSTRIES,

                Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM AND
TRANSFER ORDER

09-CV-2788 (CBA) (SMG)

Amon, United States District Judge:

Sevdija Novovic, individually, and Sevdija Novovic, Smajlje Srdanovic and Glenn Zuckerman, as administrators of the estate of Rama Novovic, (collectively, "Plaintiffs") commenced this lawsuit against Greyhound Lines, Inc. ("Greyhound") and Motor Coach Industries ("MCI") (collectively, "Defendants"), asserting a claim for wrongful death based on a traffic accident in which Rama Novovic, a passenger on a Greyhound bus, was killed while standing outside the broken down bus in Ohio. Defendants move for this case to be transferred to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a).

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." There is no dispute that this action could be brought in the Southern District of Ohio. With respect to "the convenience of parties and witnesses, in the interest of

1

justice," courts consider factors such as the following: (1) the plaintiff's choice of forum; (2) the convenience of witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of the parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; (7) the relative means of the parties; and (8) trial efficiency and the interest of justice. D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006); Orb Factory, Ltd. v. Design Science Toys, Ltd., 6 F. Supp. 2d 203, 208 (S.D.N.Y. 1998).

For the reasons provided by the Court at oral argument, in consideration of the Section 1404(a) factors, the motion to transfer to the Southern District of Ohio is granted. In particular, Plaintiffs are currently prosecuting an identical suit in the Southern District of Ohio. Plaintiffs' Ohio action also includes the additional defendants, Eddie McElfresh, the driver of the vehicle that struck Mr. Novovic, and Brian Fisher, the driver of the Greyhound bus, and the defendants herein have filed cross-claims against Mr. McElfresh. Mr. McElfresh and Mr. Fisher, however, are not subject to the jurisdiction of this Court. Accordingly, proceeding with the case here would be inefficient and would not foster comprehensive disposition of the litigation. Moreover, because the accident took place in Ohio, it is the locus of operative facts and offers relative ease of access to sources of proof. Ohio is also more convenient for the majority of witnesses. Any potential prejudice to Plaintiffs' witnesses has been lessened by the agreement at oral argument by counsel for MCI and Greyhound that depositions of the decedent's wife and children may be taken in New York.

Accordingly, this case is hereby transferred to the United States District Court for the Southern District of Ohio. A ruling on MCI's motion to dismiss is reserved for the transferee

court.

SO ORDERED.

Dated: Brooklyn, New York

March *31*, 2010

s/Hon. Carol B. Amon

Carol Bagley Amon
United States District Judge